IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LONNIE OLIVER, JR., 06099-078,<br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§ | 3:12-CV-4817-D<br>3:07-CR-0380-D |

## FINDINGS, CONCLUSIONS AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

### I. Procedural Background

Pursuant to a written plea agreement, Petitioner pled guilty to mail fraud and aggravated identity theft. On January 30, 2009, the Court sentenced him to an aggregate term of 139 months in prison. Petitioner filed an appeal with the Fifth Circuit Court of Appeals. On January 6, 2011, the Fifth Circuit affirmed Petitioner's conviction and sentence. *United States v. Oliver*, 630 F.3d 397 (5th Cir.), *cert. denied*, 132 S.Ct. 758 (2011).

On November 14, 2012, Petitioner filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255. On December 18, 2012, Respondent filed a motion to strike Petitioner's brief because it violated the page limit contained in L.R. 7.2. On January 3, 2013, the Court granted the government's motion to strike. On February 5, 2013, Petitioner filed an

amended brief. On March 6, 2013, Respondent filed its response. On April 5, 2013, Petitioner filed a reply. On May, 7, 2013, Petitioner filed a motion for leave to file a supplemental petition, which the Court granted. On August 6, 2013, the government filed its response to the supplemental petition.

Petitioner argues:

1. He received ineffective assistance of counsel on appeal;

2. He received ineffective assistance of counsel during sentencing;

3. He received ineffective assistance of counsel during pre-trial proceedings;

4. The government violated his right to self-representation; and

5. The government and the Court violated his right to exculpatory evidence under *Brady*.

## II. Factual Background

The following factual background is taken from the Fifth Circuit's opinion on direct appeal.

> On December 12, 2007, Oliver was indicted for his participation in a scheme in which he and several co-defendants gained access to others' names, social security numbers, and other identifiers and used this information to file for and receive unemployment benefits from the Texas Workforce Commission. The Second Superceding Indictment charged Oliver with ten counts of conspiracy to commit mail fraud in violation of 18 U.S.C. § 1349, mail fraud and aiding and abetting in violation of 18 U.S.C. §§ 1341 and 2, aggravated identity theft and aiding and abetting in violation of 18 U.S.C. §§ 1028A(a)(1) and (2), and theft of federal public money in violation of 18 U.S.C. § 641.
>
> On March 4, 2008, Oliver, through counsel, moved to suppress evidence he contends was unconstitutionally obtained. Specifically, Oliver asserted that federal agents illegally searched the contents of a cardboard box and seized a laptop computer that were turned over to them by his girlfriend. He also sought to suppress incriminating statements he made to federal agents during custodial interrogation . . . .

\* \* \*

On November 14, 2007, Postal Inspector Marcus Ewing ("Ewing"), along with Department of Labor Agents Steven Grell ("Grell") and Frank Archie ("Archie"), arrested Oliver near his home pursuant to an arrest warrant obtained in connection with the unemployment benefits scheme investigation. Oliver allowed the agents to take him back to his residence and talk with him. Agents Ewing and Grell asked Oliver if he wanted to answer questions, and he responded affirmatively. Before any questioning commenced, however, Agent Ewing advised Oliver of his *Miranda* rights . . . . Thereafter, Oliver confessed to his role in the scheme. Oliver also consented to a search of his car, but he declined to consent to a search of his home. . . .

Following Oliver's arrest, federal agents learned from Oliver's co-defendant, Albert Henson, Jr. ("Henson"), that Oliver stored a laptop computer and a cardboard box containing documents and debit/credit cards related to the scheme at the apartment of Oliver's girlfriend, Erica Armstrong ("Armstrong"). Acting on this information, Agent Heather McReynolds ("McReynolds") and another agent went to the apartment, where Armstrong gave her the box and the laptop computer.

At the suppression hearing, Armstrong stated . . . [a]fter Oliver had not been in contact with Armstrong for several days, she looked through the [cardboard] box for information to contact [Oliver]. . . . Later that day, Agent McReynolds arrived at her apartment inquiring about Oliver. . . . Agents also searched the pockets of various articles of clothing that Oliver had left at Armstrong's apartment and retrieved a piece of paper with handwriting on it.

On April 25, 2008, the district court denied Oliver's motion to suppress. . . .

On May 2, 2008, Oliver's court-appointed counsel moved to withdraw, stating that an antagonistic relationship had developed between him and Oliver. Oliver twice confirmed that the relationship with his lawyer had broken down. . . . The district court granted the motion and appointed Oliver a new attorney. Subsequently, Oliver moved to proceed *pro se*, and Oliver's attorney also filed a separate motion explaining that Oliver wished to represent himself. After holding a hearing, the court allowed Oliver to proceed *pro se* with standby counsel.

\* \* \*

On July 14, 2008, the day trial was set to begin, Oliver entered into a conditional plea agreement with the government. Oliver pleaded guilty to one count of aiding and abetting mail fraud and once count of aggravated identity theft while reserving the right to appeal the denial of his motion to suppress.

\* \* \*

Before sentencing, on November 13, 2008, Oliver moved to reassert his right to

>counsel, asking that standby counsel be dismissed and a different attorney appointed to represent him. A week later, the district court granted the motion, and a new lawyer was appointed to represent Oliver at sentencing. . . . After considering all of the factors contained in 18 U.S.C. § 3553(a), the judge sentenced Oliver to prison terms of 115 months on the mail fraud count and 24 months on the identity theft count, to be served consecutively.

*Oliver*, 630 F.3d at 402-405.

### III. Discussion

**1. Ineffective Assistance of Counsel**

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1) counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so gravely as to deprive Petitioner of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.*

Even if counsel is proven deficient, a petitioner must prove prejudice. To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694). "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id.* "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id.* (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

When a petitioner argues his guilty plea was not voluntary due to the ineffective

Page 4

assistance of counsel, he must show that his counsel's advice to plead guilty fell below the range of competence demanded of an attorney in a criminal case. *Hill v. Lockhart*, 474 U.S. 52, 56 (1985); *Armstead v. Scott*, 37 F.3d 202, 206 (5th Cir. 1994). Further, he must show prejudice by establishing "but for his counsel's alleged erroneous advice, he would not have pleaded guilty but would have insisted upon going to trial." *Armstead*, 37 F.3d at 206.

### A. Appellate Counsel

Petitioner argues that his appellate counsel was ineffective for failing to raise nine specific claims on appeal.

In claim one, Petitioner argues that his counsel, the government and the Court failed to understand that to prove aggravated identity theft under *Flores-Figueroa v. United States*, 556 U.S. 646 (2009), the government must prove Petitioner knew the owner of the documents was a real person. Petitioner states this claim renders his guilty plea invalid. Petitioner, however, has submitted no evidence that the parties were unaware the government was required to prove this element. The Fifth Circuit determined on direct appeal that "everything points to the conclusion that Oliver knew that the identities he used to effectuate the scheme belonged to actual individuals." *Oliver*, 630 F.3d at 415. Additionally, the Fifth Circuit determined that Petitioner knowingly and voluntarily entered his guilty plea. *Id.* at 414. He cannot relitigate that claim on collateral review. *See United States v. Rocha*, 109 F.3d 225, 230 (5th Cir. 1997); *United States v. Kalish*, 780 F.2d 506, 508 (5th Cir. 1986). Petitioner's claim should be denied.

In claim two, Petitioner argues his counsel was ineffective for failing to argue that agents violated Petitioner's legitimate expectation of privacy in the cardboard box and laptop computer that agents seized from his girlfriend's apartment. The record shows that appellate counsel raised

these claims. *Oliver*, 630 F.3d at 405-406, 408-409. The Fifth Circuit determined there was no error in the district court's denial of Petitioner's motions to suppress this evidence. Petitioner's claim should be denied.

In claim three, Petitioner states appellate counsel failed to argue that the government waived its claim that the independent source doctrine allowed it to examine Petitioner's computer because the government failed to raise this claim in the district court. The record shows, however, that after a hearing, the district court determined that the government lawfully seized Petitioner's laptop computer pursuant to the independent source doctrine. (Dkt. No. 133 at 22-24.) Petitioner fails to establish ineffective assistance of counsel for failure to raise this claim on appeal.

In claim four, Petitioner argues appellate counsel failed to challenge the government's search of the clothing he left at his girlfriend's apartment. The record shows appellate counsel raised this claim, but the Fifth Circuit determined the district court did not abuse its discretion in denying the claim as untimely filed. *Oliver*, 630 F.3d at 410-411. This claim should be denied.

In claim five, Petitioner argues appellate counsel failed to argue that Petitioner received ineffective assistance of counsel when trial counsel failed to file a motion to reconsider the Court's ruling that the government's search of his clothing was lawful. Petitioner has failed to state how any evidence seized in this search was used against him and/or what prejudice he suffered from this evidence. Petitioner's conclusory claim is without merit. *See Ross v. Estelle*, 694 F.2d 1008, 1012 (5th Cir. 1983) (emphasizing that mere conclusory allegations do not raise constitutional issues in habeas proceedings).

In claim six, Petitioner argues appellate counsel was ineffective when he failed to argue

that agents unlawfully questioned Petitioner during a traffic stop because the agents failed to advise Petitioner of his *Miranda* rights. Petitioner has identified no statement taken during the traffic stop that was later used against him. This claim is without merit and should be denied.

In claim seven, Petitioner argues appellate counsel should have argued that Petitioner's guilty plea was involuntary because trial counsel, the Court and the government were not aware that to prove aggravated identity theft, the government must prove Petitioner knew the owner of the documents was a real person. As discussed above, this claim is without merit and should be denied.

In claim eight, Petitioner argues appellate counsel was ineffective because he failed to raise the previous seven claims he raises in this § 2254 petition. Petitioner has failed to raise any meritorious claims. He has therefore failed to establish that counsel was ineffective for raising these claims.

In claim nine, Petitioner argues that had appellate counsel raised claims one through eight, Petitioner would have been granted bail pending a new trial. Petitioner's claim regarding bail is not cognizable under § 2255. *See United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991).

**B.     Sentencing Counsel**

Petitioner claims he received ineffective assistance of counsel at sentencing. He states counsel failed to argue that the Court erred in applying the 2007 Sentencing Guidelines to his case, and that the 2008 Sentencing Guidelines applied instead . He also states his sentence was unreasonable in light of the § 3553(a) factors. The record shows, however, that counsel objected to the 2007 Sentencing Guidelines, and that the Court overruled his objections. (Sent. Tr. at 5.)

Additionally, Petitioner's claim that his sentence was unreasonable in light of the § 3553(a) factors is conclusory and should be denied.

Petitioner argues sentencing counsel was ineffective because he failed to object to the 14 level increase for the intended loss amount of $519,246. He states he should have only been accountable for the actual loss of $119,237. The record shows that counsel objected to the loss amount on this basis. (Addendum to PSR at p.17.). The Court overruled the objection, and determined that Petitioner was accountable for the intended loss amount. (Sent. Tr. at 59.) This claim should be denied.

Petitioner argues sentencing counsel was ineffective because counsel failed to properly investigate Petitioner's role in the offense and argue that Petitioner was not a leader of the scheme. The record shows counsel objected to the PSR's finding that Petitioner was a leader in the offense. (Addendum to PSR at p.17). The Court overruled counsel's objection. (Sent. Tr. at 59.) This claim should be denied.

Petitioner claims sentencing counsel was ineffective because counsel failed to withdraw Petitioner's guilty plea as Petitioner requested. Petitioner states that prior to the sentencing hearing, he asked his counsel to withdraw the guilty plea. (Pet. Mem. at 20.) At the sentencing hearing, however, the Court provided Petitioner the opportunity to address the Court prior to the imposition of the sentence. Petitioner apologized for his offenses and asked for a variance in his sentence, but he did not state that he wished to withdraw his guilty plea, or that he had informed his counsel that he wanted to withdraw his plea. (Sent. Tr. 75-78.) Petitioner's conclusory allegation should be denied.

C.  **Pre-Trial Counsel**

Petitioner argues he received ineffective assistance of counsel from the two attorneys who represented him in pretrial proceedings. These attorneys did not represent Petitioner at the time of his guilty plea. Petitioner states these attorneys failed to: (1) perform an adequate investigation; (2) present requested motions; (3) make certain arguments; (4) properly communicate with Petitioner; (5) subject the government's case to meaningful adversarial testing; and (6) present evidence.

Ineffective assistance of counsel claims are waived by a voluntary and intelligent guilty plea "except insofar as the alleged ineffectiveness relates to the voluntariness of the giving of the guilty plea." *Smith v. Estelle*, 711 F.2d 677, 682 (5th Cir. 1983). Petitioner's claims do not relate to the voluntariness of his guilty plea. *See id.* (finding claims of ineffective assistance of counsel for failure to review evidence, investigate witnesses or the legality of petitioner's arrest, and failure to find flaws in the prosecution's case were non-jurisdictional and waived by valid guilty plea); *see also, Wisener v. Thaler*, No. 4:09-CV-359-Y, 2010 WL 546738 at *4 (N.D. Tex. Feb. 17, 2010) ("[T]o the extent [petitioner] complains that . . . trial counsel failed to conduct an independent investigation into the facts of his case, to file pretrial motions, and to interview key state witnesses on his behalf, matters unrelated to the voluntariness of his plea, the claims are non-jurisdictional and are waived by the plea.") (citing *United States v. Broce*, 488 U.S. 563, 573-74 (1989)); *Walker v. Thaler*, No. 4:11-CV-776-, 2012 WL 426639 at *6 (N.D. Tex. Feb. 10, 2012) (finding valid guilty plea waived claims that counsel "failed to familiarize himself with the law of the case, investigate the prior felonies used to enhance petitioner's sentence, and file pretrial motions."). These claims should therefore be denied.

2. **Right to Self-Representation**

Petitioner claims the prosecution violated his right to self-representation under *Faretta v. California*, 422 U.S. 806 (1975), by denying him the right to fairly present his case. He states the government did not timely disclose evidence that the cardboard box and computer contained two unidentified fingerprints, which prevented him from fairly presenting his case.[1]

On June 10, 2008, the Court granted Petitioner's motion for self-representation and appointed stand-by counsel. At the July 11, 2008, pretrial conference, the government stated in open court that it had informed Petitioner through stand-by counsel that his fingerprints were not found on the cardboard box and computer, and that these items had two unidentified fingerprints. (Dkt. No. 287 at 6-8.) Petitioner was therefore aware of this evidence before trial and before he entered his guilty plea. He has failed to show he was denied the right to self-representation or the right to present a defense.

3. ***Brady* Claim**

In Petitioner's May 2, 2013, supplemental petition he argues the Court and the government violated *Brady* by failing to explain (1) the waiver provision in the plea agreement; and (2) that the waiver foreclosed an appeal of his challenge to the government's search of his clothing. Petitioner raised this claim on direct review, although he did not rely on *Brady* for this claim. The Fifth Circuit determined that Petitioner understood the terms of the waiver agreement. *Oliver*, 630 F.3d at 412. Petitioner cannot relitigate this issue. *See Rocha*, 109 F.3d at 230.

---

[1] Petitioner states he is not raising a claim under *Brady v. Maryland*, 373 U.S. 83 (1963), in this claim. (Pet. Reply at 23.)

4. **Replies**

On March 29, 2013, and July 30, 2013, Petitioner filed replies to the government's answers. The Court has considered the arguments in Petitioner's replies. To the extent Petitioner attempts to raise any new claims in his replies, these claims are barred by the statute of limitations.

The Antiterrorism and Effective Death Penalty Act of 1996 establishes a one-year statute of limitations for federal habeas proceedings. *See* ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Pub. L. 104-132, 110 Stat. 1214 (1996) ( "AEDPA"). The statute provides that the limitations period shall run from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the Petitioner was prevented from filing by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

*See* 28 U.S.C. § 2255.

In this case, Petitioner's conviction became final on November 28, 2011 when the Supreme Court denied certiorari. Petitioner then had one year, or until November 28, 2012,

to file his § 2255 claims. Any new claims filed in his March 29, 2013, and July 30, 2013 replies are therefore time-barred. Petitioner has also failed to show he is entitled to any equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

**RECOMMENDATION**

For the foregoing reasons, the Court recommends that Petitioner's motion to correct, vacate or set-aside sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 4 day of October, 2013.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).